EUGENIO RODRÍGUEZ ET AL., demandantes y recurrentes, *v.* AUTORIDAD DE ACUEDUCTOS Y ALCANTARILLADOS DE PUERTO RICO, demandada y recurrida.

*Número:* R-68-40     *Resuelto:* 19 de marzo de 1970

*Héctor Lugo Bougal, Delia María Auffant* y *Delia Lugo Bougal,* abogados de los recurrentes; *Francisco Parra Toro* y *Waldemar Del Valle López,* abogados de la recurrida.

PER CURIAM: Eugenio Rodríguez, por sí y en representación de sus hijos menores de edad Wanda, Gilda, Raúl Edgardo e Isabel Rodríguez González, demandó a la Autoridad de Acueductos y Alcantarillados en daños y perjuicios por la muerte de la madre de dichos menores, Isabel González Rosario, con quien él vivía en concubinato.

En una bien elaborada opinión, la Sala de Ponce del Tribunal Superior determinó que la muerte de esta señora se debió a la negligencia de la demandada recurrida Autoridad de Acueductos y Alcantarillados al dejar en descubierto el hueco de un contador en la vía pública, lo que motivó que la Sra. González, en estado avanzado de preñez, cayera en el hueco y·se lesionara. Desde ese momento comenzó un proceso de trastornos físicos relacionados con la preñez que culmina-

ron en la muerte tres días después. La niña se salvó mediante una operación cesárea. (¹)

La Sala sentenciadora concedió al demandante Eugenio Rodríguez $2,000 de indemnización, y a cada uno de los menores Wanda, Gilda y Raúl, $8,000, expresando que estos menores "estaban en una edad que necesitaban de la compañía, cariño y cuidado de la madre, quien era la que los criaba." No concedió la Sala compensación a la menor Isabel Rodríguez González, nacida por cesárea como consecuencia del acto negligente de la recurrida, y se citó a *Correa* v. *Autoridad Fuentes Fluviales*, 83 D.P.R. 144 (1961).

La recurrida no ha comparecido en este recurso, ni en oposición a que se expidiera el auto, ni presentando alegato en contestación al alegato de la parte recurrente.

En el citado caso de *Correa* v. *Autoridad Fuentes Fluviales*, supra, no dimos indemnización por separado, por razón de sufrimientos morales a una menor, y dijimos:

"Los daños, aún los morales, han de tenerse y sufrirse por quien los reclama. En su corta edad esta niña había estado dependiendo del occiso por breve tiempo, y luego quedó bajo el amparo de su abuela a quien se ha compensado materialmente. Y ella era demasiado pequeñita para reconocerle sufrimientos y angustias mentales."

Esta niñita era nieta de Carmen Correa, concubina del obrero allí fallecido. La niña tenía un año 3 meses de edad cuando él falleció.

Hay una diferencia entre la situación de la menor en el caso de *Correa* y la situación de la menor en este caso. Allí, aquella menor no perdió a su pequeña edad la atención y el cuidado diario de la abuela, ni de la madre. Esta menor, al igual que sus tres hermanitos, perdió la compañía, el cariño, cuidado y atención de la madre. Necesitaba de tal cuidado, cariño y atención diarios de la madre en igual grado que sus

---

(¹)En el recurso R-68-37, en que la Autoridad recurrió de la misma sentencia, determinamos no haber lugar a la revisión.

otros hermanitos de más edad, y quizás en grado mayor si se considera todo el sufrimiento fetal que describe el magistrado en sus conclusiones, y el haber sido extraída antes de tiempo del vientre de la madre en condiciones críticas.

*Por los fundamentos anteriormente expuestos, se revocará la sentencia dictada por la Sala de Ponce del Tribunal Superior en 19 de enero de 1958 en tanto en cuanto negó compensación a la menor y se dictará otra concediéndole a dicha menor una indemnización de $8,000 igual a la concedida a sus otros hermanos por los mismos fundamentos.*

El Juez Presidente Señor Negrón Fernández, no intervino.